IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| AZLEN ADIEU FARQUOIT MARCHET, Petitioner, v. LARRY BENZON, Respondent. | **MEMORANDUM DECISION & ORDER REGARDING PETITION'S DEFICIENCIES**<br><br>Case No. 2:18-CV-577-TS<br><br>District Judge Ted Stewart |
|---|---|

Having reviewed the habeas-corpus petition here, 28 U.S.C.S. § 2254 (2019), the Court concludes that it must be amended to cure the below deficiencies, if possible, if Petitioner wishes to further pursue his claims.

## DEFICIENCIES IN PETITION

Petition:

(a) is not on a Court-approved form.

(b) does not appear to observe the federal habeas-corpus standard of review, which states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.S. § 2254(d) (2019).

(c) does not appear to observe the rules on second or successive petitions. (See below.)

(d) has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

### INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from complying with Rule 8's minimal pleading requirements. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court may not "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following points before refiling his petition. First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference,

any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original). Second, Petitioner must clearly state whom his custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent. *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts. Third, Petitioner may generally not bring civil-rights claims as to his conditions of confinement in a habeas-corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under § 2254; any claims about the execution of Petitioner's sentence should be brought under § 2241. 28 U.S.C.S. §§ 2254, 2241 (2018). Fifth, Petitioner should seek help to prepare initial pleadings from legal resources (e.g., contract attorneys) available where he is held.

## • Second or Successive Prohibition

Petitioner should keep in mind that he has already unsuccessfully pursued claims that appear to be based on the same criminal conviction. *Marchet v. Benzon*, No. 2:17-CV-473 TS (D. Utah Feb. 26, 2019) (dismissal order).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.S. § 2244(b)(3)(A) (2019)*, and see* Rule 9, Rules Governing Section 2254 Cases. "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citation omitted). It does not appear that Petitioner obtained authorization from the Tenth Circuit to file a second or

successive habeas application. It is likely therefore that this Court may not address the merits of any of his claims.

**O R D E R**

Based on the above, **IT IS ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above or determine to abandon this deficient petition.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

DATED this 8th day of April, 2019.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court