IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AZLEN ADIEU FARQUOIT MARCHET, <br><br> Petitioner, <br><br> v. <br><br> UTAH STATE PRISON WARDEN ROBERT POWELL, <br><br> Respondent. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS § 2254 PETITION** <br><br> Case No. 2:18-CV-577-TS <br><br> District Judge Ted Stewart |

Petitioner, Azlen Adieu Farquoit Marchet, petitions for federal habeas relief regarding his Utah state conviction. *See* 28 U.S.C.S. § 2254 (2020).[1] Having carefully considered relevant documents and law, the Court concludes that Petitioner's petition is inexcusably untimely. *See* 28 *id*. § 2244(d)(1). The petition is therefore dismissed with prejudice.

## TIMELINE

• 11/5/10 – Petitioner given fifteen-to-life sentences on each of two aggravated sexual assault convictions, regarding victim AH. (ECF No. 14-6, at 2-3.)

• 9/27/12 – Utah Court of Appeals affirms convictions. *State v. Marchet*, 2012 UT App 267.

• 12/13/12 – Utah Supreme Court denies certiorari petition. *State v. Marchet*, 293 P.3d 376.

• 12/9/13 – Filing of state petition for post-conviction relief. (ECF No. 14-10, at 2.)

• 3/21/17 – Dismissal of post-conviction-relief petition. (*Id*. at 8.)

---

[1] Section 2254 reads in pertinent part:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.S. 2254(a) (2020).

• 9/25/17 – Filing of Utah Court of Appeals's Order of Summary Dismissal (regarding appeal of dismissal of state post-conviction petition). (*Id.* at 11.)

• 1/31/18 – Filing of Utah Supreme Court's Order denying petition for writ of certiorari regarding court of appeals's summary-dismissal order (as to post-conviction petition). (*Id.* at 12.)

• 7/19/18 – Filing of federal petition. (ECF No. 1.)

• 5/9/19 – Filing of amended federal petition. (ECF No. 7.)

• 1/27/20 – Filing of Respondent's Motion to Dismiss. (ECF No. 14.)

• 6/2/20 – Filing of Petitioner's response to Motion to Dismiss. (ECF No. 21.)

## ANALYSIS

Federal law imposes "a 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 *id.* § 2244(d)(1). The period generally runs from the day "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

After Utah Supreme Court denied Petitioner's certiorari petition on direct review on December 13, 2012, Petitioner did not file a certiorari petition in the United States Supreme Court. The time to do so expired March 13, 2013, which is when Petitioner's conviction became final. Sup. Ct. R. 13.1 (giving 90 days to file "petition for a writ of certiorari to review a judgment in any case . . . entered by a state court of last resort"). The federal one-year limitation period began running on that date.

### A. Statutory Tolling

By statute, the one-year period may be tolled while a state post-conviction petition is pending. *See* 28 U.S.C.S. § 2244(d)(2) (2020). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.*

Thus, on December 9, 2013, when Petitioner filed his state petition for post-conviction relief, the limitation period stopped running and tolled at 271 days, with 94 days left. The petition was denied; denial affirmed by Utah Court of Appeals; and, on January 31, 2018, certiorari review denied by Utah Supreme Court. Petitioner did not appeal to United States Supreme Court. So the limitation period began running again on February 1, 2018, expiring May 7, 2018 (94 days later). *See Jones v. Patton*, 619 F. App'x 676, 678 (10th Cir. 2015) ("After denial of state post-conviction relief . . . , § 2244(d)(2) does not toll § 2244(d)(1)'s limitation period during the pendency of a petition for certiorari to the United States Supreme Court, or during the period of time in which a petitioner can file a petition for a writ of certiorari." (citing *Lawrence v. Florida*, 549 U.S. 327, 332-37 (2007)).) This federal petition was filed on July 19, 2018--73 days past the deadline.

## B. Equitable Tolling

Petitioner argues equitable tolling rescues his petition from the limitation period's operation. Unsupported by documentation, he says he "filed a one-paged Petition well before the May 5, 2018 deadline; therefore it was Petitioner's understanding that the filing was indeed timely." (ECF No. 21, at 1.) However, this is not an argument for equitable tolling; it is merely a flat statement that his federal petition was timely filed before May 5, 2018. Yet the docket in this case clearly shows that the petition was "[o]riginally received on 07/19/2018." (ECF No. 1.) Petitioner's argument is not well taken and does not give a basis for equitable tolling.[2]

---

[2] This is so, despite two pages of United States Postal Service "Tracking Results," provided by Petitioner. (ECF No. 22-1.) These results show an item was delivered on March 28, 2017, to "Front Desk/Reception" in "Salt Lake City, UT 84104," and an item was delivered on March 29, 2017, to "Front Desk/Reception" in "Salt Lake City, UT 84101." (*Id*.) The Court's zip code is 84101, so it is possible that the item from March 29, 2017 was sent to this

Petitioner further asserts equitable tolling is applicable because he was in "solitary confinement" and "maximum security," without his legal work and property, from April 20, 2018 to June 1, 2018. (ECF No. 21.) Under these allegations, Petitioner became unable to initiate litigation in this case, starting seventeen days before the limitation period expired on May 7, 2018. He was then further hampered from filing this case for another twenty-five days.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). And, Petitioner "has the burden" of showing equitable tolling applies. *Lovato v. Suthers,* 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished).

### 1. Extraordinary Circumstances

First, Petitioner appeared to recognize his burden of showing the applicability of equitable tolling, when he stated, "Petitioner has submitted the recquisite [sic] documents to get documentation of his locations in the Utah prison system in April of 2018 and will submit it to

---

Court. Still, there is no identification of the item, nor specification that the item was delivered to this Court. And the timing does not make sense: Why would Petitioner be filing his federal petition in this case on March 29, 2017, when he had just filed his state post-conviction application eight days earlier, on March 21, 2017? Further undercutting Petitioner's allegations here, he has not provided a copy of the earlier phantom petition, signed and dated. Finally, Petitioner has filed five habeas cases in this Court since May 23, 2017, all with backgrounds of state direct appeals and post-conviction applications, and all involving numerous mail items. Vague references to mail items being delivered to front desks in Salt Lake City in March 2017 could be regarding any of those many cases or to some other unrelated litigation or correspondence of Petitioner's.

the court." (ECF No. 21, at 4.) Still, he has not since filed such documentation to support his allegations that he was without his legal materials during that crucial time.

Second, Petitioner fails to spell out how other circumstances affected his ability to bring his petition earlier than July 19, 2018. *Johnson v. Jones*, 274 F. App'x 703, 705 (10th Cir. 2008). For instance, he has not detailed how, after his unsubstantiated deprivation of his legal materials, between June 1, 2018 and July 18, 2018, he was continually and thoroughly thwarted by uncontrollable circumstances from filing. Nor has he detailed who and what would not allow him to file some kind of petition. He also does not hint how extraordinary circumstances eased to allow him to file this habeas-corpus petition on July 19, 2018. Such vagueness is fatal to his contention that extraordinary circumstances kept him from timely filing.

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances that stopped him from timely filing or that he took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Petitioner thus has not shown equitable tolling applies.

## 2. Actual Innocence

Petitioner states that he "has always maintained his innocence." (ECF No. 21, at 2.)

"[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at [or available for] trial. Such evidence typically consists of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Rose v. Newton-Embry*, 194 F. App'x 500, 502 (10th Cir. 2006) (unpublished) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Further, this evidence must "affirmatively demonstrate . . . innocence," not just "undermine the finding of guilt." *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (1993). After presenting such evidence, a petitioner must then "show that in light of the new evidence, 'no reasonable

juror would have found the defendant guilty.'" *See Rose*, 194 F. App'x at 502 (quoting *Schlup*, 513 U.S. at 329). Such evidence is so very rare, though, that "in virtually every case, the allegation of actual innocence has been summarily rejected." *Schlup*, 513 U.S. at 324.

Petitioner admits that the evidence he cites to support his actual-innocence claim is not new. He instead maintains the applicable rule of evidence, "the 404(b) rules[,] is new because it has changed." (ECF No. 21, at 2.) He contends the original evidence is therefore "newly reviewable by rule change." (*Id*.) So, he argues, "the 404(b) witnesses would [after the rule change] not be allowed to testify," and without their testimony and related audio recording, "no juror acting reasonably would have voted to find [Petitioner] guilty." (*Id*.)

But, Petitioner misses the point: The actual-innocence exception for equitable tolling requires that the evidence itself (in support of actual innocence) must be new. It does not allow that the original evidence at trial may be deemed newly discovered because the state-law evidentiary standard to analyze that original evidence was, after trial, modified in other cases.

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances that stopped him from timely filing or that he took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Nor has he shown actual innocence. Petitioner thus has not shown equitable tolling applies.

## CONCLUSION

Petitioner unjustifiably delayed filing his petition until July 19, 2018--seventy-three days past the limitation period's expiration.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss the petition is **GRANTED**. (ECF No. 14.)

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 28th day of September, 2020.

BY THE COURT:

JUDGE TED STEWART
United States District Court